142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James MERCER, Defendant-Appellant.
 No. 97-10440.
D.C. No. CR-96-00743-FRZ.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 29, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Frank R. Zapata, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Mercer appeals his conviction following a conditional guilty plea for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Mercer contends that the district court erred by denying his motion to suppress the marijuana found in his truck because law enforcement officers were without a reasonable suspicion to stop the vehicle. This contention lacks merit.
 
 
 4
 We review de novo the district court's legal conclusion that reasonable suspicion existed. See United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1492 (9th Cir.1994). We review for clear error the district court's underlying factual findings. See id.
 
 
 5
 The district court did not err by denying Mercer's motion to suppress evidence. See Rodriguez-Sanchez, 23 F.3d at 1492-93. Mercer exhibited nervousness throughout his initial border crossing, where inspectors detected the combined odor of marijuana, detergent and plastic emanating from Mercer's trunk; Mercer entered the United States three times in two different vehicles in a relatively short period of time; Ranger Baldree recognized Mercer's associate as a man who had previously evaded officers by illegally exiting the United States; and Mercer stopped briefly at a motel, which was located immediately adjacent to the border and had a history of drug smuggling activity. See United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); Rodriguez-Sanchez, 23 F.3d at 1492-93. Viewing the totality of the circumstances in light of officer experience, we conclude that Baldree's stop of Mercer's truck was supported by reasonable suspicion.[1] See Cortez, 449 U.S. at 418, 421-22; see also United States v. Sokolow, 490 U.S. 1, 9-10, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (recognizing that acts consistent with innocent behavior will frequently provide the basis for a showing of reasonable suspicion).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not consider Mercer's contention that the district court erred by finding that Baldree's stop of Mercer's vehicle was justified under Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), because the remaining factors are sufficient to justify the stop. See Cortez, 449 U.S. at 416-22